No. 2119.—Mrs. E. A. Myers and Husband v. the Sheriff et. al.

When the seizing creditor of the husband is confronted by the wife's claim to the property seized, founded on a judgment of separation of property, and the authentic act of sale and purchase of the property seized, from a third party to the wife, made after the judgment of separation and prior to the date of seizure, the creditor, to maintain the seizure, must allege and show fraud and simulation in obtaining the judgment of separation.

APPEAL from the Fifth District Court, parish of East Feliciana, *Posey*, J. *Kernan & Lyons* and *F. Hardesty* for plaintiffs and appellees. *Race, Foster & E. T. Merrick* and *Cross & Horan* for defendants and appellants.

Howell, J. The plaintiff, Mrs. Myers, as owner, by purchase on the eighth May, 1866, enjoined the sale of certain land, seized, on the nineteenth day of October, 1867, under an execution against her husband, and asked to be declared the legal owner thereof. The defendants pleaded a general denial, admitting the seizure, "which they justify and hold to be legal and proper. They specially deny that plaintiff has any legal judgment against her husband, but aver that the pretended judgment relied on by her was obtained, virtually on his confession and by collusion with him. That he was not in such insolvent circumstances as to justify judgment, and the plaintiffs had no claims against him. That the said judgment is invalid and has no legal effect;" and they pray for the dissolution of the injunction and for damages.

There was judgment in favor of plaintiff and the defendants appealed.

The proof, as admitted by defendant's counsel, establishes the correctness of the amount of Mrs. Myer's judgment against her husband, and we think also his embarrassed condition at the time; and as the sale from the husband to Wm. Myers, in 1859, and that by the latter to the plaintiff, Mrs. Myers, in 1866, are not attacked as simulated or in any other manner, we do not feel authorized to infer from the facts and circumstances developed in the record, that the property seized is really the property of the judgment debtor. The wife here was not, as in the case of Campbell v. Bell, 12 A. 193, relied on by defendants, required by the pleadings to establish the validity of her purchase from Wm. Myers and show that she paid for said property with her paraphernal funds or that, after the dissolution of the community, she had a separate industry by which to realize the money paid. It is true that most of her moneyed judgment against her husband seems to have been satisfied prior to her purchase of the property in controversy, but it is not impossible that she may have been able, if called on, to show that she had other means. The evidence in this respect, which was admissible on the question of the husband's embarrassed condition, raised by the answer, at most only creates a suspicion that the husband may have furnished her with the money which the authentic act of sale in evidence declares she paid to the vendor, whose unassailed title is also in the record.

However unwilling this court may be to sanction any devices or proceedings intended to cover up or screen property from the pursuit of creditors, we must adhere to the ordinary rules of pleading and not presume fraud or simulation when not charged.

Judgment affirmed.